UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON ROBERT JONES,

    Petitioner,

    v.        CAUSE NO. 3:19-CV-67-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jason Robert Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISF-18-5-383) at the Putnamville Correctional Facility in which a disciplinary hearing officer found him guilty of conspiracy to commit trafficking in violation of Indiana Department of Correction Offenses 111 and 113. He was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Mr. Jones argues that the hearing officer didn't have sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report and investigative report describing a video surveillance recording of a grandmother visiting her inmate grandson on March 28, 2018. ECF 6-1, ECF 6-2. During that visit, she handed her grandson an object that he swallowed. On April 18, the grandmother returned to the prison. When questioned by correctional staff, she produced a balloon filled with suboxone and said that she received it in the mail and intended to give it to her grandson as she had done on March 28. Correctional staff also determined that a civilian had mailed the suboxone to the grandmother at Mr. Jones's direction. These reports constitute some evidence that Mr. Jones engaged in a conspiracy to traffic suboxone. The that the hearing officer didn't have sufficient evidence isn't a basis for habeas relief.

Mr. Jones argues that he is entitled to habeas relief because he requested "confiscated items" that weren't presented at the hearing. Correctional staff responded that no items had been confiscated from Mr. Jones in connection with the investigation. Mr. Jones contends that his request referred to the evidence that had been "seized/collected during this investigation" referenced in the investigative report. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. The request for

2

"confiscated items" was vague and susceptible to multiple interpretations, and correctional staff's interpretation of the request wasn't unreasonable. Further, though Mr. Jones equates a request for "confiscated items" to evidence seized or collected during the investigation, no reasonable interpretation of this request would encompass evidence that was merely collected, which might have included information obtained through interviews or video recordings. More significantly, the conduct report and investigative report each indicate that the evidence obtained during the internal investigation would remain confidential pending the outside investigation of criminal charges. The claim that Mr. Jones was not allowed to present evidence is not a basis for habeas relief.

Mr. Jones argues that the hearing officer was not an impartial decisionmaker. He contends that the hearing officer demonstrated bias by relying on a report instead of his personal observations. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. The record contains no indication that the hearing officer had any personal involvement in the underlying charge. Further, hearing officers may rely on hearsay evidence because prison disciplinary hearings are not equivalent to judicial proceedings, and the Federal Rules of Evidence don't apply. Walker v. O'Brien, 216 F.3d 626, 637 (7th Cir. 2000); Jackson v. Carlson, 707 F.2d 943, 948 (7th Cir. 1983) (upholding a disciplinary

3

finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay"). As a result, the claim that the hearing officer was not impartial is not a basis for habeas relief.

Mr. Jones argues that he didn't receive assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Jones's filings show his literacy, and the charge that he instructed an unincarcerated individual to mail suboxone with the intent of trafficking it at the Putnamville Correctional Facility wasn't particularly complex. Therefore, the argument that he received inadequate assistance from a lay advocate is not a basis for habeas relief.

In sum, Mr. Jones hasn't demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Jones wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jason Robert Jones leave to proceed in forma pauperis on appeal.

SO ORDERED on March 5, 2021

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT